## Case No. 16,963.

### VIRGINIA v. HOWARD.

[1 Cranch, C. C. 61.] [1]

Circuit Court, District of Columbia.   Jan. Term, 1802.

CRIMINAL LAW—MUNICIPAL BY-LAWS.

No information or indictment will lie upon a by-law of the corporation of Alexandria.

Information [against Beale Howard], for keeping a slaughter-house in Alexandria, contrary to a by-law of the corporation.

Special verdict. Motion in arrest of judgment. This prosecution was commenced in the court of hustings, of Alexandria.

Mr. Simms and E. J. Lee, for defendant.

The offence is not indictable, and no information will lie where an indictment will not. As much strictness is required in an information as in an indictment. No indictment will lie but for a public offence. This is only an offence against the by-law of a corporation. 4 Bac. Abr. 654; 2 Inst. 131, 163. No indictment will lie on a by-law. Rex v.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Sharples, 4 Term R. 777. Corporate powers are of a private nature. The trustees of an academy, or of a library, or of an insurance company have power to make by-laws, as well as the corporation of Alexandria, and yet it will hardly be contended that an indictment would lie for a breach of one of those laws. The charter of Alexandria gives all penalties of by-laws to the use of the town. The person to whom the penalty is to accrue, is the only person who can prosecute for the offence. The commonwealth of Virginia had no right to call upon the defendant for this penalty. A penalty of a by-law may, in all cases, be recovered by action of debt or assumpsit.

Mr. Mason, contra.

Because an action of debt or assumpsit will lie, it does not follow that an information will not. An information will lie, in many cases, where an indictment will not. There is a difference between private and public corporations. The act of incorporation of Alexandria is a public act. The court of hustings was a part of the corporate legislature. This court is now sitting here, in these cases, as a court of hustings. If a private act be referred to in a public act, the former becomes a public act. 3 Inst. 230.

Mr. Simms, in reply.

The act of assembly of Virginia, which incorporates the town of Alexandria, is itself a private act; and surely a by-law of a corporation, deriving its powers from a private act, can never rise to a public act. Although the court of hustings was a part of the corporate legislature, yet they were bound to decide agreeably to the principles of the common law. No case can be found of an indictment on a by-law.

At April term, 1802, the judgment was arrested; THE COURT being of opinion that no indictment or information would lie on a by-law of the corporation of Alexandria.